■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEROY ROBINSON, Appellant.— Appeal from a judgment of the County Court of Broome County, rendered February 20, 1973, upon a verdict convicting defendant of the crimes of robbery, first degree, and burglary, first degree. On October 18, 1972 at about 11:00 P.M. a two-story dwelling house was burglarized and a sum of money stolen from a female victim. She was awakened by noises from the kitchen downstairs after she had gone to sleep in her bedroom on the second floor. A moment later she saw a man in the doorway to her room who told her not to scream and not to turn on the lights, approached the bed, and held a sharp instrument against her throat, demanding money. She gave him all the currency she had in her purse, approximately $23. The intruder fled the house after unsuccessfully attempting certain sexual advances. The victim summoned the police immediately and furnished them with a description of her assailant. All of the streets in the vicinity were thereafter searched, but no one was found fitting the description. At about 2:00 A.M., the Salvation Army, located a block away, was checked and the night clerk gave defendant's name and description to the officer. The night clerk informed him that defendant was a transient staying at the Salvation Army, and on the evening in question had been refused admittance at about 11:00 P.M. because of a strictly enforced curfew. Defendant, who fitted the description given by the victim, was observed by the officer at about 4:30 A.M., walking along a street not far from the Salvation Army. He was then arrested for loitering (a charge for which he was never arraigned), and taken to police headquarters. There he was booked and confined to a jail cell until approximately 11:00 A.M. on October 19, 1972 when he was given his *Miranda* warnings and thereafter questioned about the burglary. After several hours of interrogation, he confessed to the burglary and robbery sometime prior to 5:00 P.M. that afternoon. Subsequently, he was indicted for robbery, first degree, and burglary, first degree, and arraigned thereon. At a *Huntley* hearing, the trial court found defendant had been adequately apprised of his constitutional rights pursuant to *Miranda* and waived his right to counsel before confessing to the crimes charged. The confession was admitted into evidence at trial and defendant was convicted of both crimes. There was no independent proof of identity of the defendant. Defendant relies on several cases in support of his contention that the confession was inadmissible because it was obtained during an illegal detention as a result of a sham arrest in contravention of his rights under the Fifth and Sixth Amendments. (E.g., *Wong Sun* v. *United States*, 371 U. S. 471; *People* v. *Robinson*, 13 N Y 2d 296; *People* v. *Davis*, 13 N Y 2d 690.) In all of these "sham arraignment" cases, admissions were excluded from evidence because they were taken after prosecution had com-

menced with an arraignment, thereby bringing the right to counsel into play. In the instant case defendant's postarraignment rights had not attached since he had not been arraigned and judicial criminal proceedings had not as yet begun. (Cf. *Kirby* v. *Illinois,* 406 U. S. 682.) The alleged illegal arrest for loitering and subsequent detention were merely circumstances to be considered in determining the voluntariness of the confession. (*People* v. *Carbonaro,* 21 N Y 2d 271, 277–278; *People* v. *Everett,* 10 N Y 2d 500, 507; *People* v. *Pooler,* 41 A D 2d 1011, affd. 34 N Y 2d 772; *People* v. *Zakrzewski,* 36 A D 2d 646.) The evidence establishes that prior to any questioning of defendant, he was advised fully of his *Miranda* rights and waived them. The confession, although obtained following an alleged illegal arrest, could be found to have been voluntarily made. No objection was made to its admissibility on the ground it was a product of physical or mental coercion, or that it was procured by fraud. The trial court properly determined that it was voluntary and, therefore, admissible. Furthermore, the defendant did not raise the issue that the detention was illegal either at the *Huntley* hearing or the trial. Judgment affirmed. Staley, Jr., J. P., Greenblott, Sweeney, Main and Reynolds, JJ., concur.